TO BE PUBLISHED IN THE OFFICIAL REPORTS

OFFICE OF THE ATTORNEY GENERAL
State of California

ROB BONTA
Attorney General

_____

|  | : |  |
| --- | --- | --- |
| OPINION | : | No. 22-403 |
|  | : |  |
| of | : | June 17, 2022 |
|  | : |  |
| ROB BONTA | : |  |
| Attorney General | : |  |
|  | : |  |
| SUSAN DUNCAN LEE | : |  |
| Deputy Attorney General | : |  |

The HONORABLE KATHARINE L. ELLIOTT, COUNTY COUNSEL OF THE COUNTY OF NEVADA, has requested an opinion about whether two public offices are incompatible.

**QUESTION PRESENTED AND CONCLUSION**

May a member of the Nevada County Board of Supervisors concurrently serve as general manager for the Truckee Tahoe Airport District?

No, a member of the Nevada County Board of Supervisors may not concurrently serve as general manager for the Truckee Tahoe Airport District because these are incompatible public offices.

**BACKGROUND**

The Truckee Tahoe Airport District was formed in 1958 under the California Airport District Act.[1]  An elected board of directors governs the District and appoints its general manager.[2]  According to its website, the District receives revenue primarily from three sources:  (1) property taxes collected within the District's boundaries; (2) fees charged for services, including leasing and rental revenue; and (3) grant funding from the Federal Aviation Administration.[3]

Truckee Tahoe Airport is a general aviation airport that supports a variety of aircraft for recreation, instruction, transportation, and many other public and commercial purposes.  Among other functions, the airport supports charter operations and aircraft maintenance services, charges landing fees, rents hangar and aircraft parking spaces, and sells aviation fuel.[4]

The southern portion of the Truckee Tahoe Airport District is located in Placer County and the northern portion is located in Nevada County.[5]  Nevada County is governed by a five-member board of supervisors that serves as the legislative and executive body of county government.[6]

**ANALYSIS**

The rule against holding incompatible offices arises from longstanding public policy demanding that public officers discharge their duties with undivided loyalty.  In 2005, the Legislature codified the common law prohibition on incompatible offices by

---

[1] See Pub. Util. Code, §§ 22201-22909 ("California Airport District Act"); Truckee Tahoe Airport District Master Plan (2015), pp. 1-4, available at https://truckeetahoeairport.com/documents/79-trk_amp_july_2015_final-completereport-pdf ("TTAD Master Plan").

[2] Pub. Util. Code, §§ 22401, 22437.

[3] See Truckee Tahoe Airport District, Fiscal Year 2022 Final Budget, at pp. 8-10, available at https://truckeetahoeairport.com/documents/652-2022_budget_final_12-21-2021-pdf.

[4] See TTAD Master Plan, *supra*, at pp. 2-10.

[5] See Truckee Tahoe Airport District, Administration, available at https://truckeetahoeairport.com/administration (as of June 15, 2022).

[6] See Nevada County, California, About the Board of Supervisors, available at https://www.nevadacountyca.gov/1038/About-the-Board-of-Supervisors (as of June 15, 2022).

enacting Government Code section 1099, which prohibits a person from simultaneously holding two public offices that are incompatible. Below, we examine whether the two positions at issue here are public offices, as well as whether they are incompatible.

**Are the Two Positions Both Public Offices?**

The doctrine of incompatible offices applies only to public offices, and not to positions of mere employment. It is well established that a member of a County Board of Supervisors holds a public office.[7] Indeed, section 1099(a) expressly provides that the term "public officer" includes "an appointed or elected member of a governmental board, commission, committee, or other body."[8]

We use a four-part test to determine whether the position of an airport district general manager is a public office. For purposes of the incompatible offices doctrine, a public office is "(1) a position in government, (2) which is created or authorized by the Constitution or by law, (3) the tenure of which is continuing and permanent, not occasional or temporary, (4) in which the incumbent performs a public function for the public benefit and exercises some of the sovereign powers of the state."[9] An airport district is a special district, governed by an elected board of directors, with the power to sue and be sued; to acquire and dispose of property, including to acquire real property by condemnation; and to use, improve, control, or dispose of the district's property, equipment, and facilities.[10] The Public Utilities Code requires the board of directors of an airport district to appoint a general manager who serves at the pleasure of the board.[11] The general manager's powers and duties include "full charge" of construction, maintenance, and operation of the District's physical properties; "full power" over employment, duties, compensation, and discharge of "all employees and assistants;" and "other duties as may be imposed by the board."[12] Thus, we readily conclude that the office of general manager of an airport district is a public office because it is a

---

[7] See, e.g., 86 Ops.Cal.Atty.Gen. 205, 206 (2003) (listing opinions concluding "that the office of county supervisor is incompatible with a variety of other local public offices").

[8] Gov. Code, § 1099, subd. (a). In an exception not relevant here, Section 1099 does not apply to "a governmental body that has only advisory powers." (Gov. Code, § 1099, subd. (d).) A County Board of Supervisors is a legislative body, not an advisory body. (See Gov. Code, § 23005.)

[9] 82 Ops.Cal.Atty.Gen. 83, 84 (1999); see also *Moore v. Panish* (1982) 32 Cal.3d 535, 545.

[10] Pub. Util. Code, § 22553.

[11] Pub. Util. Code, § 22437.

[12] Pub. Util. Code, § 22439.

22-403

government position created by statute, its tenure is continuous, and its incumbent exercises public powers for the public benefit.

## Are the Two Offices Incompatible?

Under Government Code section 1099 and established precedent, a person may not simultaneously hold two public offices if "there is a possibility of a significant clash of duties or loyalties" based on the powers and jurisdiction of the offices.[13] It is well established that an actual occurrence of conflict, past or present, between two offices is not required for incompatibility.[14] It is sufficient that a potential conflict may be anticipated by examining the duties and functions of the two offices.[15] Nor is it necessary for the incompatible functions to outweigh the compatible ones; it is enough if only one potential significant clash of duties or loyalties exists.[16]

The Truckee Tahoe Airport District is located partially within Nevada County. Because the District and Nevada County have territory in common, decisions made by one entity can affect the other, especially in cases where both agencies operate within the same sphere of influence.

In this case, the most glaring source of potential conflict is aviation, because Nevada County owns and operates the Nevada County Airport located in Grass Valley, about 65 miles by road from the Truckee Tahoe Airport.[17] Like the Truckee Tahoe Airport operated by the Airport District, the Nevada County Airport is also a general aviation airport that supports a variety of aircraft for recreation, instruction, transportation, and other public and commercial operations. Among other functions, the Nevada County Airport supports charter operations and aircraft maintenance services, charges landing fees, rents hangar and aircraft parking spaces, and sells aviation fuel.[18]

When two agencies operate in the same sphere, opportunities can arise for conflicted loyalties in a person who represents both. Direct competition could arise between Truckee Tahoe Airport and Nevada County Airport if, for example, one adjusted

---

[13] Gov. Code, § 1099, subd. (a)(2); *People ex rel. Lacey v. Robles* (2020) 44 Cal.App.5th 804, 811; see 98 Ops.Cal.Atty.Gen. 94, 95 (2015).

[14] 98 Ops.Cal.Atty.Gen., *supra,* at p. 96.

[15] *Ibid*.

[16] See *People ex rel. Lacey v. Robles*, *supra*, 44 Cal.App.5th at pp. 819-821.

[17] See Nevada County General Code, §§ G-IV 12.1-12.6 (Nevada County Airport Rules and Regulations).

[18] See *id.*

4

its hangar rents, fuel prices, or landing fees, to the detriment of the other. Indirect competition could also occur if the two agencies were to compete for the same resources, such as contracts, customers, supplies, or grant opportunities. Even cooperative arrangements between overlapping agencies create the potential for conflict, as when one person negotiates on two sides of a contract.[19] Counties and airport districts are authorized to enter into agreements with each other under the Joint Exercise of Powers Act, in order to jointly exercise a power they have in common.[20] Negotiating any such agreement, even for the purpose of collaboration, would entail a clash of loyalties in a dual office holder. Other types of agreements, such as one to jointly acquire property or services, could also engender such conflicts.

Outside of airport operations, there are numerous potential conflicts between the Truckee Tahoe Airport District and Nevada County. As mentioned above, the Airport District draws a significant portion of its revenues from taxes on property located in Nevada County, and it uses a portion of its revenues to support community projects within Nevada County indirectly related to airport operations, such as projects regarding recreation, education, transportation, environmental quality, and affordable housing.[21] These District projects could pose potential conflicts with overlapping or competing projects supported by Nevada County. And District projects involving site plans, use permits, zoning variances or the like could require the District to seek, and the County to give, planning approvals.[22] The applicant-evaluator relationship that would exist in such circumstances naturally presents a conflict if one officer acts in both roles. In addition, both Nevada County and the Truckee Tahoe Airport District have the power of eminent

---

[19] See 68 Ops.Cal.Atty.Gen. 171, 173 (1985); see also 63 Ops.Cal.Atty.Gen. 623 (1980) (presumptive incompatibility between mayor of city with own airport and director of airport district with overlapping territory due to potential for significant conflicts).

[20] Gov. Code, § 6500 et seq. (Joint Powers Act).

[21] *Compare* Nevada County Code, §§ A-II 42.8.1 (Nevada County Department of Housing and Community Services) *with* Truckee Tahoe Airport District, Policy Instruction 311 (as approved Mar. 23, 2022), available at https://truckeetahoeairport.com/documents/685-pi_311_final_version_3-31-2022_signed-pdf. See also Truckee Tahoe Airport District, Community Investments 2003-2018, available at https://truckeetahoeairport.com/documents/404-ttad_community_partner_benefits_sept_2018-pdf (Town of Truckee – Nevada County Direct Community Benefit).

[22] See generally Gov. Code, §§ 65100 et seq. (county planning power resides in county board of supervisors); Nevada County Code, §§ A-II 42.1 (creating Nevada County Community Development Agency), 42.7 (creating Nevada County Office of Zoning Administrator).

domain.[23]  Each might seek to acquire the same property, or one might seek to acquire the property of the other.  We have previously recognized that the common ability to use eminent domain within the same territory results in a potential conflict for the officials authorized to exercise the power.[24]

These are by no means the only potential conflicts we can anticipate from the concurrent holding of the offices of Nevada County Supervisor and General Manager of the Truckee Tahoe Airport District.  For purposes of Government Code section 1099, this is more than enough to cause us to conclude that the two offices are incompatible, and that one person may not simultaneously hold both.

---

[23] Gov. Code, § 25350.5 (county); Pub. Util. Code, § 22553 (airport district).

[24]  See 98 Ops.Cal.Atty.Gen., *supra*, at p. 100.